UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
IBRAHIM AHMAD,

                Plaintiff,

      -against-

CITY OF NEWARK, CITY OF NEWARK POLICE
DEPARTMENT, CITY OF NEWARK POLICE
SERGEANT C. VINUEZA (BADGE #1635), CITY OF
NEWARK POLICE OFFICER J. ROSA (BADGE #237),
and CITY OF NEWARK POLICE OFFICER J.
ALVARADO (BADGE #1156),

                Defendants.
-------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**Plaintiff Demands a
Trial by Jury**

      Plaintiff, IBRAHIM AHMAD, by and through his attorneys, THE RUSSELL

FRIEDMAN LAW GROUP, LLP, complaining of Defendants, CITY OF NEWARK, CITY OF

NEWARK POLICE DEPARTMENT, CITY OF NEWARK POLICE SERGEANT C.

VINUEZA (SHIELD #1635), CITY OF NEWARK POLICE OFFICER J. ROSA (SHIELD

#237), and CITY OF NEWARK POLICE OFFICER J. ALVARADO (SHIELD #1156)

(hereinafter, collectively "Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

      1.    This is an action for deprivation of Plaintiff's civil rights, committed by

Defendants while acting in concert and under color of state law, of Plaintiff's rights, liberties,

and immunities as guaranteed to him by reason of the Fourth, Fifth, and Fourteenth Amendments

to the United States Constitution. This Court is authorized to grant Plaintiff relief under 42

U.S.C. §§ 1983 and 1988 and his pendant State Law claims.

PK/D232351/FL2931

## JURISDICTION

2.      Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1376(a).

## VENUE

3.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Essex; the actual place of employment of all of the individual Defendants is Essex County in the District of New Jersey, and the County of Essex is within the jurisdiction of the District of New Jersey. The events surrounding this lawsuit occurred in Essex County, in the District of New Jersey.

## PARTIES

4.      Plaintiff, Ibrahim Ahmad (hereinafter, "Ahmad" or "Plaintiff"), is a resident of the United States who lives in the City of Newark, State of New Jersey.

5.      Defendant, City of Newark (hereinafter, "Newark"), was and remains a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New Jersey.

6.      Defendant, City of Newark Police Department (hereinafter, "NPD") is a subdivision and/or agency of Defendant Newark.

7.      Defendant, City of Newark Police Sergeant C. Vinueza (Shield #1635) (hereinafter, "Sgt. Vinueza") is a police sergeant who is being sued in his individual and official capacity and is an employee of Defendant NPD. Upon information and belief, at all relevant times described herein, Sgt. Vinueza was acting under color of state law within the scope of his

PK/D232351/FL2931

employment as a police officer employed by Defendant NPD.

8.      Defendant, City of Newark Police Officer J. Rosa (Shield #237) (hereinafter, "PO Rosa") is a police officer who is being sued in his/her individual and official capacity and is an employee of Defendant NPD. Upon information and belief, at all relevant times described herein, PO Rosa was acting under color of state law within the scope of his/her employment as a police officer employed by Defendant NPD.

9.      Defendant, City of Newark Police Officer J. Alvarado (Shield #1156) (hereinafter, "PO Alvarado") is a police officer who is being sued in his/her individual and official capacity and is an employee of Defendant NPD. Upon information and belief, at all relevant times described herein, PO Alvarado was acting under color of state law within the scope of his/her employment as a police officer employed by Defendant NPD.

## NATURE OF THE CASE

10.      This is an action seeking recovery for deprivation of Plaintiff's civil rights guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution committed by the above-named municipal Defendants.

11.      Plaintiff bases this action upon his unlawful detainment and illegal seizure of person and property by various members of Defendant NPD on December 28, 2019, as well as the sexual harassment, assault, and battery of Plaintiff by Defendants.

## STATEMENT OF RELEVANT FACTS

12.      Plaintiff Ahmad is an individual who resides in the County of Essex, State of New Jersey.

13.      On or about December 28, 2019, Defendants stopped, detained, and imprisoned Plaintiff Ahmad for crimes which Plaintiff Ahmad did not commit, and proceeded to sexually

PK/D232351/FL2931

harass, assault, and batter Plaintiff during the detainment.

14.     On or about December 28, 2019, Plaintiff Ahmad was a lawful passenger in a vehicle, traveling on Keer Avenue and Bergen Street in Newark, New Jersey, when Sgt. Vinueza, PO Rosa, and PO Alvarado (collectively, "NPD Officers") pulled over the vehicle for allegedly having a broken taillight.

15.     After pulling over the vehicle, the NPD Officers asked Plaintiff and the driver to step out of the vehicle because they allegedly smelled marijuana in the vehicle.

16.     Plaintiff and the driver complied with the NPD Officer's request without any protest and got out of the vehicle.

17.     Sgt. Vinueza then began searching Plaintiff's person, while PO Rosa and PO Alvarado started searching the vehicle.

18.     During the search of Plaintiff's person, Sgt. Vinueza intentionally and purposefully exposed and groped Plaintiff's genitals for approximately thirty (30) seconds.

19.     Plaintiff never consented to being groped or to his genitals being exposed.

20.     Despite the sexual harassment, assault, and battery against Plaintiff, Plaintiff fully complied with the NPD Officer's search, which took approximately fifteen to twenty (15-20) minutes in total.

21.     The NPD Officers did not find anything on Plaintiff, the driver, and the vehicle.

22.     After the search was completed, Sgt. Vinueza patted Plaintiff's buttocks several times and told him that he could go now.

23.     After getting away from the NPD Officers, Plaintiff and the Driver checked the taillight of the vehicle and confirmed that both lights were fully functional.

24.     Pursuant to the New Jersey Tort Claims Act, Plaintiff served Notices of Claim

upon Defendants within the 90-day statutory period, giving Notice of these claims to the extent required by Law.

25.     As of the date of this Complaint, Defendants have failed to resolve any of the alleged disputes addressed in the Notices of Claim.

<u>AS AND FOR PLAINTIFF'S FIRST CLAIM</u>
<u>FOR RELIEF FOR VIOLATIONS OF PLAINTIFF'S FOURTH AND FOURTEENTH</u>
<u>AMENDMENT RIGHTS FOR FALSE ARREST/FALSE IMPRISONMENT (§1983)</u>
<u>AGAINST ALL DEFENDANTS</u>

26.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

27.     On or about December 28, 2019, Plaintiff was intentionally and unlawfully detained by Defendants.

28.     The unlawful detention of Plaintiff by Defendants was conducted under color of state law within the purview of 42 U.S.C. § 1983 and within the scope of their employment by the NPD.

29.     Plaintiff was aware of his detention.

30.     Plaintiff did not consent to being detained.

31.     Plaintiff's detention was not privileged as Defendants lacked probable cause for all and/or part of his detention. In fact, no reasonable officer would agree that there was probable cause for Plaintiff's arrest/imprisonment at the time of his detention.

32.     As a result of his illegal detention, Plaintiff's Fourth and Fourteenth Amendment rights were violated and Plaintiff was unlawfully deprived of his liberty without legal justification.

33.     As a result of the above-described conduct, Plaintiff has suffered, and continues to

suffer, great pain of mind and body, shock, nightmares, emotional distress, depression, anxiety, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

34.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his person, reputation, and trade, incurred special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR PLAINTIFF'S SECOND CLAIM
### FOR NEGLIGENT HIRING/RETENTION/SUPERVISION/DIRECTION
### AGAINST DEFENDANTS NEWARK AND NPD

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

36.     Defendants Newark and NPD were responsible for supervising, overseeing, and controlling their subordinates in the NPD.

37.     Defendants Newark and NPD had express and/or implied duty to provide a reasonably safe environment for its citizens, including Plaintiff. At minimum, they had a duty to keep him from being sexually assaulted by their employees, including Sgt. Vinueza.

38.     Upon information and belief, Defendants Newark and NPD negligently hired,

retained, and supervised Sgt. Vinueza when they knew or should have known that he posed a threat of sexual abuse of its citizens.

39.     Defendants Newark and NPD knew or should have known of Sgt. Vinueza's propensity for the conduct which caused Plaintiff's injuries, prior to the occurrence of the injuries.

40.     Defendants Newark and NPD owed a duty of care to all persons, including Plaintiff, who were likely to come into the influence of Sgt. Vinueza, in his role as a police officer, to insure that Sgt. Vinueza did not abuse his authority as a police officer to injure the citizens by sexual assault, battery, and abuse.

41.     At all times relevant hereto, Defendant Newark and NPD's actions were willful, wanton, malicious, reckless, and/or outrageous in their disregard for the rights and safety of their citizens, including Plaintiff.

42.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, great pain of mind and body, shock, nightmares, emotional distress, depression, anxiety, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

43.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his person, reputation, and trade, incurred special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount

PK/D232351/FL2931

to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR PLAINTIFF'S THIRD CLAIM
FOR NEGLIGENCE/GROSS NEGLIGENCE
AGAINST DEFENDANTS NEWARK AND NPD**

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

45.     Defendants Newark and NPD knew, or were negligent in not knowing, that Defendant Sgt. Vinueza posed a threat of sexual abuse to individuals such as Plaintiff.

46.     Defendants Newark and NPD, by and through their respective agents, servants, and/or employees, had actual knowledge, knew, or reasonably should have known, of Defendant Sgt. Vinueza's dangerous and exploitative propensities and/or that Sgt. Vinueza was an unfit officer due to his sexual propensities.

47.     The acts of Sgt. Vinueza described hereinabove were undertaken, and/or enabled by, and/or during the course, and/or within the scope of his employment, appointment, and/or agency with Defendants Newark and NPD.

48.     Defendants Newark and NPD owed Plaintiff a duty to protect him from Sgt. Vinueza's sexual deviancy.

49.     Defendants Newark and NPD's willful, wanton, grossly negligent and/or negligent acts of commission and/or omission, resulted directly and/or proximately in the damages set forth herein at length.

50.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, great pain of mind and body, shock, nightmares, emotional distress, depression, anxiety,

PK/D232351/FL2931

discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

51.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his person, reputation, and trade, incurred special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR PLAINTIFF'S FOURTH CLAIM**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST ALL DEFENDANTS**

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

53.     By turning a blind eye toward actual knowledge of Defendant Sgt. Vinueza's abuse, by employing Sgt. Vinueza, by choosing to place Sgt. Vinueza in a position wherein he could work unsupervised, Defendants Newark and NPD caused Plaintiff to be sexually abused.

54.     Defendants acted with extreme and outrageous conduct, which intentionally and/or recklessly caused severe emotional distress and bodily harm to Plaintiff.

55.     Defendant Sgt. Vinueza, in his sexual grooming and abuse of Plaintiff, acted with extreme and outrageous conduct that would shock the conscience of a reasonable person, when

he sexually harassed, assaulted, and battered Plaintiff. This conduct was atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

56.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, great pain of mind and body, shock, nightmares, emotional distress, depression, anxiety, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

57.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his person, reputation, and trade, incurred special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR PLAINTIFF'S FIFTH CLAIM
### FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS
### (IN THE ALTERNATIVE TO PLAINTIFF'S FOURTH CLAIM)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

59.     By employing Defendant Sgt. Vinueza, and by choosing to place Defendant Sgt. Vinueza in a position wherein he could work unsupervised in close proximity of vulnerable

PK/D232351/FL2931

individuals, Defendants Newark and NPD caused Plaintiff to be sexually harassed, assaulted, and battered. Defendants Newark and NPD negligently placed Plaintiff in danger of bodily harm and caused Plaintiff to suffer extreme physical injury and emotional distress as a result.

60.     By employing Defendant Sgt. Vinueza to work unsupervised in close proximity of vulnerable individuals, Defendants Newark and NPD subjected Plaintiff to sexual abuse and harassment at the hands of Defendant Sgt. Vinueza by allowing him to have ready, unfettered access to vulnerable individuals with whom to gratify his prurient desires, including Plaintiff.

61.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, great pain of mind and body, shock, nightmares, emotional distress, depression, anxiety, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

62.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his person, reputation, and trade, incurred special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR ASSAULT AGAINST SGT. VINUEZA

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same

force and effect as if more fully set forth at length below.

64.     Defendant Sgt. Vinueza's physical molestation, abuse, and harassment of Plaintiff was entirely unjustified and constitutes intentional assault upon Plaintiff.

65.     Defendant Sgt. Vinueza, by his conduct, placed Plaintiff in fear of imminent harm and offensive conduct.

66.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, great pain of mind and body, shock, nightmares, emotional distress, depression, anxiety, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

67.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his person, reputation, and trade, incurred special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR PLAINTIFF'S SEVENTH CLAIM
## FOR BATTERY AGAINST SGT. VINUEZA

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

69.     Battery is the intentional wrongful physical contact with another person without

consent.

70.     Defendant Sgt. Vinueza's intentional physical molestation, abuse, and harassment of Plaintiff was entirely unjustified, done without Plaintiff's consent, and constitutes battery upon Plaintiff.

71.     Defendant Sgt. Vinueza, by his conduct, placed Plaintiff in fear of imminent harm and offensive conduct.

72.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, great pain of mind and body, shock, nightmares, emotional distress, depression, anxiety, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

73.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his person, reputation, and trade, incurred special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A.     Under the First Claim for Relief, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

PK/D232351/FL2931

B.      Under the Second Claim for Relief, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

C.      Under the Third Claim for Relief, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

D.      Under the Fourth Claim for Relief, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

E.      Under the Fifth Claim for Relief, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

F.      Under the Sixth Claim for Relief, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

G.      For compensatory damages against all Defendants in an amount to be determined at trial but in no event less than ONE MILLION DOLLARS ($1,000,000.00); and

H.      Such other and further relief as the Court deems just and proper.

Dated:  Garden City, New York
        December 9, 2020

                              Respectfully Submitted,
                              THE RUSSELL FRIEDMAN LAW GROUP, LLP
                              *Attorneys for Plaintiff, Ibrahim Ahmad*

                  By:   /s/*Christopher M. Arzberger*
                        Christopher M. Arzberger
                        400 Garden City Plaza, Suite 500
                        Garden City, New York 11530
                        Tel: 516.355.9696

14